UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mattie Sarah Elizabeth Wilson, ) | C/A: 6:13-2822-MGL-JDA |
| ) | |
| Plaintiff, ) | |
| ) | Report and Recommendation |
| vs. ) | |
| ) | |
| B D Roddy *aka* B Douglas Roddy *aka* Barksdale ) | |
| Douglas Roddy Jr; Malindea Lee, State Farm Ins ) | |
| Co; Richard Owens, Claim Representative for ) | |
| State Farm Ins, ) | |
| ) | |
| Defendants. ) | |

_____

Plaintiff Mattie Sarah Elizabeth Wilson, ("Plaintiff"), brings this civil action *pro se* and

*in forma pauperis*. Pursuant to the provisions of 28 U.S.C. §636(b) and Local Rule

73.02(B)(2)(e), D.S.C., the undersigned is authorized to review such complaints for relief

and submit findings and recommendations to the District Court. As the Complaint alleges

no basis for federal jurisdiction, this case should be dismissed.

### *Pro Se* Review

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429

U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys,

*Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard,

however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal

construction afforded to *pro se* pleadings means that if a court can reasonably read the

pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a

district court may not rewrite a petition to include claims that were never presented, *Barnett*

*v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments

for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions

never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Discussion

The Complaint alleges that Defendant Barksdale Douglas Roddy, Jr. ("Defendant Roddy") was responsible for a collision with Plaintiff's automobile. Plaintiff seeks compensation for medical bills and pain and suffering incurred in the accident. The Complaint names Malindea Lee as a Defendant, noting that she was a witness to the accident; an agent at State Farm Insurance, which apparently insures Defendant Roddy, is also named.

In order for this Court to hear and decide a case, the Court must, first, have jurisdiction over the subject matter of the litigation. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.,* 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the Court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999), 528 U.S. 1155 (2000) (citing *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337, 327 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").

A plaintiff must allege the facts essential to show jurisdiction in his pleadings.

*McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). *See also Dracos v. Hellenic Lines, Ltd.,* 762 F.2d 348, 350 (4ᵗʰ Cir. 1985)("plaintiffs must affirmatively plead the jurisdiction of the court"). To this end, Fed. R. Civ. P. 8(a)(1) requires that a complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley* at 399 (citing 2 *Moore's Federal Practice* § 8.03[3] (3d ed. 1997)).

The instant Complaint provides no basis for either federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332.

The claims pose no federal question; thus, they cannot serve as the basis for federal jurisdiction. Plaintiff may be attempting to set forth causes of action based in state law; if so, this Court would not have jurisdiction to hear them. Federal courts are allowed to hear and decide state-law claims only in conjunction with federal-law claims, through the exercise of "supplemental jurisdiction." *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 387 (1998). Since Plaintiff has asserted no federal claims, this Court cannot exercise "supplemental" jurisdiction over Plaintiff's state claims, if any. *See Lovern v. Edwards*, 190 F.3d 648, 655 (4ᵗʰ Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants").

A civil action for any state claims would be cognizable in this Court under the diversity statute, if that statute's requirements are satisfied. *Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-791 (D.S.C. 1992). The diversity statute requires complete

3

diversity of parties and an amount in controversy in excess of seventy-five thousand dollars

($75,000.00). *See* 28 U.S.C. § 1332(a). Complete diversity of parties in a case means

that no party on one side may be a citizen of the same state as any party on the other side.

*See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978). Plaintiff

is a resident of South Carolina, and gives a South Carolina address for Defendant Roddy;

the Complaint makes no allegation that the parties are in complete diversity.

      As Plaintiff has not presented this Court with a basis for subject matter jurisdiction,

her Complaint should be dismissed.

Recommendation

      Accordingly, it is recommended that the Court dismiss the Complaint in this case

without prejudice and without issuance and service of process. *See United Mine Workers*

*v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams,* 490 U.S. 319, 324-25 (1989);

*Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important**

**notice on the next page**.


                                 s/ Jacquelyn D. Austin
                                 United States Magistrate Judge

October 29, 2013
Greenville, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).